## ACTION FOR MONEY PAID FOR THE BENEFIT OF ANOTHER.

Common Pleas Court of Licking County.

WILLIAM H. MEAD, JR., v. JANE BROWN ET AL.

Decided, January Term, 1911.

*Pleading—Where the Action is for Recovery of Money Paid for Another—Necessary Allegation as to a Request to Make the Payment.*

In a suit on an account for money paid for the use and benefit of the defendant, it is necessary to allege that the payment was made at the request of the defendant, expressed or implied.

*J. V. Hilliard,* for plaintiff.
*Flory & Flory,* contra.

SEWARD, J. (orally).

This case is submitted to the court upon a motion to take the case from the jury, and to instruct a verdict for the defendant. The suit is brought to recover upon an account for money paid out for the use of the defendant by the plaintiff. The petition reads:

Now comes the plaintiff, leave of the court being had and granted herein to file his petition instanter, and says: That there is due him from the defendant, as per itemized statement

hereto attached and marked Exhibit A, and made a part hereof, the sum of $83.36. And he prays judgment for that sum.

The account attached and marked Exhibit A reads as follows: Jane Brown & Sons, Dr., to W. H. Mead, Jr.: for fire insurance premiums paid by him for said Jane Brown & Sons on or about the following date—giving the date.

So that this petition, taken in connection with the account attached to it, is for money paid for the use of the defendant. There is no testimony tending to show that this money was ever paid out at the request of the defendant, and in fact that allegation is not made in the petition.

I am cited by the plaintiff to the 50th Ohio State, *Newark Machine Company* v. *Insurance Company*, at page 549, wherein the insurance company sued to recover on a policy of insurance that was issued as a renewal policy, or rather to take the place of a policy theretofore issued for $5,000. One policy was issued for $2,500 in one company, and the same amount in another company. The policies were never delivered. The question in that case was as to the liability of the companies where the policies were not delivered, under the circumstances surrounding that case. That is the question that the court determined in that case, and the court does not think it has any bearing on the question now on trial.

In the 136th Mass., at page 15, the court say:

"Account for money paid should contain an averment that the money was paid at the defendant's request."

And at page 15:

"An action for money paid is a proper mode of recovering contribution by one of several joint contractors or co-sureties. And to sustain such action, it is essential that the plaintiff should prove that he paid the money for the defendant, and that such payment was made at the defendant's request, express or implied."

This court held in some case, where a demurrer was interposed to a petition similar to this, and where no request was alleged in the petition, that the petition was demurrable, and sustained a demurrer to the petition. The court can not recall the case, but that was the holding of this court some months ago—that

where money is paid out for the use of another, or for another, that the petition must allege that it was paid out at his request.

In *Greenleaf on Evidence,* at Section 107 it is said:

"In actions upon the common counts for goods sold, work and materials furnished, money lent, and money paid, a request by the defendant ·is material to be proved; for, ordinarily, no man can make himself the creditor of another by any act of his own, unsolicited, and purely officious. Nor is a mere moral obligation, in the ethical sense of the term, without any pecuniary benefit to the party, or previous request a sufficient consideration to support even an express promise."

So that the court thinks that this motion is well taken, and it will be sustained. The jury will be instructed to return a verdict for the defendants, and exceptions.